## IN THE MATTER OF THE APPLICATION OF CHING LUM FOR A WRIT OF HABEAS CORPUS.

## IN THE MATTER OF THE APPLICATION OF WONG YUEN FOR A WRIT OF HABEAS CORPUS.

## IN THE MATTER OF THE APPLICATION OF SUI JOY FOR A WRIT OF HABEAS CORPUS.

### October 25, 1913.

1. *Habeas corpus—Delay of writ until remedies below exhausted*: On a petition for habeas corpus the court will not usually grant the writ, except under peculiar and urgent circumstances, until the petitioner has exhausted his remedies before the authority detaining him and on appeal therefrom.

2. *Immigration acts—Detention of persons charged with violation thereof*: Temporary detention of persons charged with offenses under the immigration acts, pending inquiry, is valid.

3. *Arrest—Probable cause*: Arrest of persons without probable cause, unauthorized. ·

4. *Same—Grounds*: Upon arrest of a person, he or his counsel should be informed of the grounds thereof.

*Habeas corpus:* Demurrer to petition.

*Thompson, Wilder, Watson & Lymer* for petitioners.
*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

DOLE, J. The petitions in these cases claim that the persons in whose behalf the petitions are made are unlawfully restrained of their liberty and prevented from being at large by R. L. Halsey, inspector in charge of immigration; also that the said Halsey had stated that such persons were being held for investigation by the immigration authorities of the United States in and for the Territory of Hawaii; and further allege that such persons are not now and have "not been charged with the commission of any crime or offense against the laws of the United States relating to immigration."

[1] The precedents in habeas corpus cases in the United States courts, particularly in the Supreme Court, emphasize and reiterate the practice that although a Federal court with power to grant a writ of habeas corpus, may grant such writ and discharge the accused in advance of his trial under an indictment, it is not bound to exercise that power immediately upon the application being made for the writ, but may await the result of the trial, and in its discretion as the special circumstances of the case may require, put the petitioner to his writ of error from the highest court of the State. *Ex parte Terry,* 128 U. S. 289, 302.

In the case of *Whitten v. Tomlinson,* 160 U. S. 231, 242, and citing many cases in the Supreme Court, the court says:

"But, except in such peculiar and urgent cases previously mentioned the courts of the United States will not discharge the prisoner by habeas corpus in advance of a final determination of his case in the courts of the State; and, even after such final determination in those courts, will generally leave the petitioner to the usual and orderly course of proceeding by writ of error from this court."

The court has followed this practice and in the recent case of *Ryonosuke Sakaba,* ante, p. 372, dismissed the petition for a writ on the ground that the applicant had not exhausted the remedies before the immigration officers, and still more recently the court refused to make any order on the petition for the writ, because the usual proceedings before the immigration officers had not taken place. This practice is, I think, a reasonable one both for clients and the court. The exhausting of remedies below will tend to prevent cases from being brought which ought not to be brought, and to put the court in a position to hear petitions on the basis of a clear understanding.

[2] It is "clear that detention, or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of aliens would be valid. Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the

inquiry into their true character and while arrangements were being made for their deportation."

Accused of what? This expression "those accused," in the above citation from *Wong Wing v. United States,* 163 U. S. 228, 235, implies that the person held in custody is accused of something. In other words, has been arrested, in the words of the Constitution, "upon probable cause."

For the purposes of this demurrer the allegations that the persons arrested are not now and have not been charged with the commission of any crime or offense against the United States relating to immigration, must be taken as true. It cannot be argued that they might have been arrested for some other offense not relating to immigration, inasmuch as a previous allegation which must also be admitted to be true, refers to the statement of the respondent that such persons were being held for "investigation by the immigration authorities of the United States in and for the Territory of Hawaii," thus limiting the possible grounds of arrest to offenses under the immigration laws.